JOSEPH BENNARDO, Respondent, v. DORA BAIAMONTE SCHIMENTE, Appellant, and Others, Defendants.— In an action to foreclose a second mortgage, appellant's counterclaim and cross-complaint were dismissed and judgment of foreclosure and sale entered. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

FRANK V. BORICK, Respondent, v. THE GREENPORT BASIN AND CONSTRUCTION COMPANY, Appellant.— Order denying defendant's motion to change the place of trial from the county of Kings to the county of Suffolk for the convenience of witnesses affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

ANNA BOYLE, Respondent, v. THE GREAT ATLANTIC & PACIFIC TEA CO., Appellant.— Action to recover damages for personal injuries sustained by plaintiff as a result of defendant's negligence. Order of the Appellate Term affirming a judgment of the Municipal Court of the City of New York, Borough of Queens, in favor of plaintiff, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

NICOLO CAPIOLO and NICOLO CAPIOLO, as Guardian ad Litem of DOMENICA CARMELA CAPIOLO, an Infant, Respondents, v. WILLIAM A. STUART and ROBERT STUART, Infants over the Age of Fourteen Years, by LAURA BELLE STUART, Their Guardian ad Litem, and LEON SAUNDERS, Defendants, and LAURA BELLE STUART, Appellant.— In an action by an infant plaintiff to recover damages for personal injuries sustained as the result of the negligence of an operator of an automobile, or as the result of an assault by one or more of the defendants other than the defendant Laura Belle Stuart, and by her father for loss of services and medical expenses, order denying motion of the defendant Laura Belle Stuart for a severance of the action reversed on the law and the facts, without costs, and motion granted, without costs, to the extent of directing a trial of the issues presented by the second, third, fourth and sixth causes of action separately and prior to the trial of the issues presented by the first and fifth causes of action. There is no common ground of liability set forth in the complaint. On the contrary, the injuries are alleged, inconsistently, to have been caused by the negligent operation of an automobile and by reason of an assault. Liability of the appellant as owner, pursuant to the statutory liability for negligence of the driver of the automobile resulting in the alleged injuries, should be tried separately from the issues presented by the other causes of action dealing with the assault and conspiracy to commit it. There should, however, be but one trial of the issue of negligence as against all of the defendants who are alleged to be liable therefor. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.